F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 13 2018 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------

R. ALEXANDER ACOSTA, Secretary of Labor, :
United States Department of Labor,
: Misc. Action No. 18-323
Petitioner,
v. :

: **MISC. 18    426**
FUSILLI AT MILLER PLACE, INC. d/b/a
FUSILLI RESTAURANT AND PIZZERIA and :
CHAD POWELL, individually and as a custodian of
records, :

Respondents. :

**HURLEY, J.**

---------------------------------------------------------

# MEMORANDUM OF LAW IN SUPPORT OF THE SECRETARY OF LABOR'S MOTION TO COMPEL RESPONDENTS TO PRODUCE DOCUMENTS PURSUANT TO ADMINISTRATIVE SUBPOENA *DUCES TECUM*

The Fair Labor Standards Act of 1938, as amended (the "Act" or "FLSA"), grants the U.S. Department of Labor broad authority to access and subpoena employer records in the course of an investigation. Here, Fusilli at Miller Place, Inc. d/b/a Fusilli Restaurant and Pizzeria, located at 691 Route 25A, Miller Place, New York, 11764 ("Fusilli") and Chad Powell (collectively, "Respondents"), have repeatedly refused to produce basic documents relating to their business, including time and payroll records and records identifying employee contact information. Therefore, R. Alexander Acosta, Secretary of Labor, U.S. Department of Labor (the "Secretary"), respectfully petitions this Court under sections 9 and 11(a) of the Act, 29 U.S.C. §§ 209, 211(a), and Section 49 of the Federal Trade Commission Act, 15 U.S.C. § 49, for an order compelling Respondents to comply fully with the administrative subpoena *duces tecum* issued on December 19, 2017.

## STATEMENT OF FACTS

In 2017, the U.S. Department of Labor, Wage and Hour Division ("Wage Hour") opened an investigation into Fusilli and its owner for compliance with the FLSA. Declaration of William J. Dempsey dated January 30, 2018 ("Dempsey Decl.") ¶¶ 3-7. As part of this investigation, on October 30, 2017, Wage Hour investigator James Daly delivered to Fusilli a request for documents, including time and payroll records for a three-month period; records showing employee contact information; documents dealing with business related to Respondents; New York State tax and pay-rate documents; and federal W-2 forms. Id. ¶ 8, Ex. 1. During investigator Daly's visit to Fusilli, Mr. Powell did not allow Daly to speak with Fusilli employees. Id. ¶ 9.

On November 16, 2017, Respondents, through counsel, produced internal time records and external payroll records for June 2017 through August 2017. Id. ¶¶ 11, 12. But they failed to provide the bulk of the materials that had been requested, including documents identifying employee contact information; state tax and pay-rate documents; and W-2 forms. Id. ¶¶ 8, 11, 12. Further, Wage Hour's comparison of the records produced showed that multiple employees who were included on the internal time records were excluded from tdhe external payroll records for the same periods. Id. ¶ 13. The records further suggested that many of these employees were not being paid proper overtime for hours worked in excess of forty a week, a violation of the FLSA. Id. ¶ 14. However, Wage Hour had only a partial production, and its attempts to obtain the remaining requested documents failed.

Because Respondents had failed to respond fully to less formal processes and because documents that they had provided suggested FLSA violations, on December 19, 2017, Wage Hour issued an administrative subpoena *duces tecum* to Respondents. Id. ¶ 15, Ex. 2. The

subpoena was signed by Regional Administrator Mark H. Watson, Jr. and requested time and payroll records for a three-year period from December 20, 2014 through December 19, 2017 (but excluding the materials already produced for June through August 2017); records identifying employee contact information; documents dealing with business related to Respondents; records identifying Fusilli's managers or supervisors; New York State tax and pay-rate documents; and W-2 forms. Id. On December 21, 2017, investigator Daly served the subpoena on Mr. Powell at Fusilli's location. Id. ¶ 16, Ex. 3. The return date on the subpoena was January 5, 2018. Id. ¶ 15, Ex. 2. On January 4, 2018, in light of inclement weather, Wage Hour offered to extend the return date to January 12, 2018, when Respondents' counsel would be meeting with Wage Hour about another matter. Id. ¶ 18, Ex. 5.

On January 5, 2018 and on January 12, 2018, Respondents did not produce any documents. Id. ¶¶ 19, 20. On January 12, Respondents' counsel said that Respondents would respond in an additional two weeks' time. Id. ¶ 20.

On January 26, 2018, Respondents produced external payroll records for January 2014 until May 2017; New York State tax documents; and W-2 forms. Dempsey Decl. ¶ 21; Declaration of Elena Goldstein dated January 30, 2017 ("Goldstein Decl.") ¶ 8.[1] However, Respondents did not produce time records beyond the three months already provided; payroll records for September 2017 through December 19, 2017; or records showing contact information for all employees. Dempsey Decl. ¶¶ 23-25; Goldstein Decl. ¶ 8.[2]

---

[1] Although no specific materials were proffered identifying Fusilli's managers or supervisors, the records produced suggest that Mr. Powell and his wife were Fusilli's only supervisors and managers.

[2] Without explanation, Respondents did not produce the requested New York State pay-rate documents or any documents dealing with any business related to Respondents. The Secretary takes this omission to mean that these documents do not exist.

3

Following Respondents' January 26 production, Respondents have not responded to inquiries sent through their counsel. Dempsey Decl. ¶¶ 26; Goldstein Decl. ¶ 9, Ex. 4.

## ARGUMENT

I. **The Secretary of Labor Is Authorized by Statute to Issue Subpoenas in Order to Investigate Violations of the FLSA, and He May Enforce Such Subpoenas in This Court.**

In support of the Secretary of Labor's enforcement duties, the Act grants the Secretary subpoena power, providing:

> For the purpose of any hearing or investigation provided for in this Act, the provisions of section 9 and 10 (relating to the attendance of witnesses and the production of books, papers, and documents) of the Federal Trade Commission Act of September 16, 1914, as amended [15 U.S.C. §§ 49, 50] are hereby made applicable to the jurisdiction, powers, and duties of the Secretary of Labor. . . .

29 U.S.C. § 209.[3] Subpoenas issued under the FLSA are enforceable in this Court. See 15 U.S.C. § 49 (providing that if the subject of an agency subpoena disobeys that subpoena, the agency "may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence"); see also Donovan v. Mehlenbacher, 652 F.2d 228, 230 (2d Cir. 1981) ("[T]he Department of Labor clearly has the power to issue subpoenas in the course of an investigation conducted under statutory authority, and to have those subpoenas enforced by federal courts.") (citing Okla. Press Publ'g Co. v. Walling, 327 U.S. 186, 200-01 (1946)).

Judicial review of administrative subpoenas is limited. In re McVane, 44 F.3d 1127, 1135 (2d Cir. 1995). To enforce an administrative subpoena, "[a]n agency must only show that (1) the

---

[3] Section 9 of the Federal Trade Commission Act, 15 U.S.C. § 49, provides in pertinent part:

> [T]he Commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation. . . . [I]n case of disobedience to a subpoena the Commission may invoke the aid of any court of the United States in requiring the attendance and testimony of witnesses and the production of documentary evidence.

4

investigation will be conducted pursuant to a legitimate purpose, (2) that the inquiry *may be* relevant to that purpose, (3) that the information sought is not already within [its] possession, and (4) that the administrative steps required have been followed." NLRB v. American Medical Response, Inc., 438 F.3d 188, 192 (2d Cir. 2006) (internal citations, quotation marks, and punctuation omitted; emphasis in original); see also United States v. Morton Salt Co., 338 U.S. 632, 652 (1950) ("[I]t is sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant."). "An affidavit from a government official is sufficient to establish a prima facie showing that these requirements have been met." In re McVane, 44 F.3d at 1136. "A subpoena that satisfies these criteria will be enforced unless the party opposing enforcement demonstrates that the subpoena is unreasonable or that compliance would be 'unnecessarily burdensome.'" EEOC v. United Parcel Service, Inc., 587 F.3d 136, 139 (2d Cir. 2009).

Here, the administrative subpoena meets all requirements for enforcement and the Respondents cannot meet their burden to show that enforcement would be improper.

### a. The Investigation Here Is Being Conducted Pursuant to a Legitimate Purpose.

The Act grants the Secretary of Labor broad investigatory powers to determine compliance with its provisions. Section 11(a) gives the Secretary (or his designee) authority to investigate and gather data regarding "wages, hours, and other conditions and practices of employment in any industry subject to" the Act. 29 U.S.C. § 211(a). It also empowers the Secretary to enter and inspect such places and records as he may deem appropriate to determine whether any person has violated the Act. Id. Section 11(c) of the Act further requires employers to make, keep, and preserve certain records as prescribed by the Secretary. 29 U.S.C. § 211(c). Pursuant to this mandate, the Secretary has issued regulations requiring employers subject to its terms to keep records of employees' names and contact information, hours worked each workday

5

and total hours worked each work week, total daily or weekly straight time and overtime earnings, total wages paid each period, the date of payment and the pay period covered by the payment, among other items. See 29 C.F.R. § 516.2.

Here, the Secretary acts pursuant to his investigatory authority under the FLSA to determine whether Respondents and any other person acting as an employer are in compliance with the minimum wage, overtime, and recordkeeping provisions of the Act. See supra. Agencies do not need probable cause of violations for the documents to be relevant or within their subpoena powers. Morton Salt Co., 338 U.S. at 642-43; Walling, 327 U.S. at 201. An agency "can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that is not." Morton Salt, 338 U.S. at 642-43.

Wage Hour is statutorily empowered to determine whether Respondents have been in compliance with the FLSA. And requesting payroll, time, tax and other records from Respondents here is a legitimate and normal avenue of inquiry.

### b. The Requested Records Are Relevant to the Secretary's Lawful Purpose.

Courts "broadly interpret relevancy" when enforcing administrative subpoenas. Amer. Med. Response, Inc., 438 F.3d at 192. "The relevance of the sought-after information is measured against the general purposes of the agency's investigation, 'which necessarily presupposes an inquiry into the permissible range of investigation under the statute.'" In re McVane, 44 F.3d at 1135. Further, the district court must "defer[] to the agency's appraisal of relevancy, which must be accepted so long as it is not obviously wrong." Id.; see also In re Gimbel, 77 F.3d 593, 601 (2d Cir. 1996).

The subpoena here demands documents that are clearly relevant to the Secretary's investigation but that have not been produced. Internal time records and external payroll records

6

relate to Respondents' recordkeeping practices as well as the actual hours worked by employees and wages paid to them. See 29 U.S.C. §§ 206, 207, and 211. Here, because many of Respondents' employees are excluded from the external payroll records, the internal time records are necessary to determine these employees' hours and whether they received the proper pay. By law, Respondents are required to make preserve these documents. See 29 C.F.R. § 516.2. Likewise, by law, employee contact information must be gathered and preserved. See id. Employee contact information is often necessary for Wage Hour investigators to be able to be able to interview relevant employees, determine whether records are accurate, and identify potential violations of the Act. Here, given Respondents' inconsistent payroll practices, this employee contact information may be especially important.

It is entirely reasonable for the Secretary to demand these records for three years. The Secretary's regulations require that many records -- including "all payroll or other records containing the employee information and data required under any of the applicable sections of this part" -- shall be preserved for at least three years. See 29 C.F.R. §§ 516.2, 516.5. And FLSA's statute of limitation is three years in the case of willful violations of the Act. See 29 U.S.C. § 255. Given the FLSA overtime violations suggested by the records produced to date, and the inconsistencies within the records, it is critical to the Secretary's investigation that Respondents produce all records sought for the full three years specified in the subpoena.

    c.  **The Documents Demanded Are Not within the Agency's Possession.**

The remaining documents sought by the subpoena *duces tecum* are not within the Department's possession. As set forth in the Statement of Facts and the Declaration of William J. Dempsey, although Respondents have produced certain responsive documents, their submission is materially incomplete. Dempsey Decl. ¶¶ 21-26. The Secretary seeks the records and

documents that have not yet been produced, notably time and payroll records for the full three-year period (excluding those materials already produced) and records identifying employee contact information. Dempsey Decl. ¶¶ 23-25.

### d. The Administrative Steps Required by the Statute Have Been Followed.

The Secretary followed all the administrative steps required for subpoenas *duces tecum*. By the Secretary's Order 05-2010, the Wage Hour Administrator is delegated the responsibility to issue administrative subpoenas under section 9 of the Fair Labor Standards Act, 29 U.S.C. § 209. 75 Fed. Reg. 55352, 55354 (Sep. 10, 2010). The same order re-delegates this subpoena authority to the regional administrators of Wage Hour. Id.

Here, the subpoena was issued pursuant to statutory authority and was signed on December 19, 2017 by a regional administrator of Wage Hour. See 15 U.S.C. § 49; 29 U.S.C. § 209; Dempsey Decl. ¶ 15, Ex. 2. On December 21, 2017, Wage Hour investigator Daly served the subpoena on Mr. Powell at Fusilli's location. Dempsey Decl. ¶ 16, Ex. 3. Mr. Powell accepted those papers on behalf of Respondents. Id. Respondents ignored the return date on the subpoena and have not responded to numerous subsequent attempts to reach them through their counsel. Id. ¶ 26; Goldstein Decl. ¶ 9.

Respondents have actual knowledge of the Subpoena, and all relevant administrative steps required by the Act have been followed. This Court should enforce the subpoena.

### II. The Demand is Not Unreasonably Broad or Burdensome.

"A subpoena that satisfies [the four] criteria will be enforced unless the party opposing enforcement demonstrates that the subpoena is unreasonable or that compliance would be 'unnecessarily burdensome." United Parcel Serv., Inc., 587 F.3d at 139 (quoting Amer. Med.

Response, Inc., 438 F.3d at 193). Respondents cannot meet that burden here because the subpoena is plainly reasonable and not unduly burdensome.

As set forth above, the subpoena seeks only documents that are clearly related to Wage Hour's lawful investigation of Respondents and their employment practices. The records sought are business documents that are required to be preserved and produced upon Wage Hour's demand. See 29 U.S.C. § 211; 29 C.F.R. § 516.2 (requiring that an employer "maintain and preserve payroll and other records containing" employees' full names, addresses, work schedules, hourly rates of pay, and hours worked); id. § 516.5 (requiring the preservation of certain records for three years); id. § 516.7 (requiring that records "be available for inspection and transcription by the [Wage Hour] Administrator or a duly authorized and designated representative"). Respondents should be able to produce all documents sought by the subpoena in the ordinary course of their business.

Wage Hour has provided Respondents with ample opportunities to produce the documents at issue. Respondents apparently will not comply absent an order from this Court.

### III. An Order to Enforce Is Necessary to Prevent the Loss of Evidence and a Lapse in the Statute of Limitations.

Respondents' ongoing failure to comply with Wage Hour's subpoena undermines the Secretary's ability to enforce the Act. The FLSA typically has a two-year statute of limitation, which is extended to three years for willful violations. 29 U.S.C. § 255. Since violations under the Act accrue on a workweek basis, Respondents' ongoing failure to comply with the subpoena could render any action barred, at least in part, by the statute of limitations. Allowing an employer to delay investigation and thereby run down the statute of limitations effectively circumvents the requirements of the Act. Likewise, this conduct raises the likelihood that evidence will be lost or become stale in the intervening time period. As set forth in the

declarations of William J. Demsey and Elena Goldstein, the Secretary has diligently attempted to work with Respondents to obtain these documents. Dempsey Decl. ¶ 17, Ex. 4; Goldstein Decl. ¶¶ 1-7, 10, Exs. 1-3. Respondents' obstinate refusal to comply with Wage Hour's administrative subpoena could interfere with the Secretary's effort to make workers whole. Accordingly, an order from this Court compelling compliance with the subpoena *duces tecum* is necessary and appropriate.

Likewise, in order to preserve the Secretary's investigatory authority and to mitigate the effects of Respondents' delay on this investigation, the Secretary respectfully requests that the Court toll the applicable statute of limitations from January 5, 2018, the return date of the subpoena, until such time as Respondents have fully complied with it. See Wall v. Constr. & Gen. Laborers' Union, Local 230, 224 F.3d 168, 176 (2d Cir. 2000) ("A defendant may be equitably estopped from asserting the statute of limitations in cases where the plaintiff knew of the existence of his cause of action but the defendant's conduct caused [the plaintiff] to delay in bringing his lawsuit'") (internal quotation marks omitted).

## CONCLUSION

The subpoena *duces tecum* issued to Respondents by Wage Hour is procedurally sound, reasonable, and seeks relevant material not already in the Department's possession. Further, compliance will not be unnecessarily burdensome or unreasonable. Accordingly, the Secretary respectfully submits that the subpoena must therefore be enforced and requests an order tolling the statute of limitations from the date that Respondents failed to comply until such date as the Secretary informs the Court that they have complied in full.

DATED:     January 30, 2018
           New York, New York

                                                                    KATE S. O'SCANNLAIN
                                                                    Solicitor of Labor

                                                                    JEFFREY S. ROGOFF
                                                                    Regional Solicitor

                                                                    /s Michael R. Hartman
                                                                    MICHAEL R. HARTMAN
                                                                    Senior Trial Attorney

                                                                    U.S. Department of Labor,
                                                                    Attorneys for Petitioner.

POST OFFICE ADDRESS:
Jeffrey S. Rogoff
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. 646-264-3673