UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
R. ALEXANDER ACOSTA, Secretary of
Labor, United States Department of
Labor,

                        Petitioner,

      -against-

FUSILLI AT MILLER PLACE, INC.
d/b/a FUSILLI RESTAURANT AND
PIZZERIA and CHAD POWELL,
individually and as a custodian of
records,

                     Respondents.
---------------------------------------------------------X

**REPORT &
RECOMMENDATION**
18-mc-426 (DRH)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

      Presently before the Court, on referral from the Honorable Denis R. Hurley, is

a motion to compel Respondents Fusilli at Miller Place, Inc. d/b/a Fusilli Restaurant

and Pizzeria ("Fusilli" or the "Restaurant") and Chad Powell ("Powell"), individually

and as a custodian of records (together, "Respondents") to produce documents

pursuant to an administrative subpoena *duces tecum* (the "Administrative

Subpoena") issued by the United States Department of Labor ("DOL"), Wage and

Hour Division ("WHD").   *See* Docket Entry ("DE") [1].   WHD issued the

Administrative Subpoena in connection with its investigation concerning

Respondents' compliance with the Fair Labor Standards Act of 1938 ("FLSA" or the

"Act"), as amended, 29 U.S.C. § 201 *et seq.*  Petitioner R. Alexander Acosta, Secretary

of Labor, United States Department of Labor ("Petitioner" or the "Secretary") then

commenced this miscellaneous action on February 12, 2018 seeking to enforce the

Administrative Subpoena.  For the reasons set forth herein, the Court respectfully recommends that Petitioner's motion to compel be granted in part and denied in part and that the applicable statute of limitations be tolled from January 5, 2018 until Respondents have provided complete responses as set forth below.[1]

## I.   BACKGROUND[2]

Fusilli is a full-service Italian restaurant located in Miller Place, New York. *See* Declaration of William J. Dempsey ("Dempsey Decl."), DE [1-2], ¶¶ 6, 7.  In or around October 2017, WHD commenced an investigation into the Restaurant's compliance with the FLSA.  *See id.* ¶¶ 6, 8.  In furtherance of that investigation, on October 30, 2017, WHD investigator James Daly ("Daly") personally delivered to Fusilli's business address a letter requesting certain business records, including time and payroll records for a three-month period, corporate tax returns, information concerning Fusilli's principals, lists of current and former employees, cash disbursement records, certain New York state pay-rate records, W-2 forms, and dates of birth for any minor employees.  *See id.* ¶ 8, Exhibit ("Ex.") 1.  According to WHD assistant district director William J. Dempsey ("Dempsey"), Powell—an owner of the Restaurant—refused to permit Daly to speak with employees of Fusilli during this visit.  *See id.* ¶ 9.

---

[1] The weight of authority suggests that motions to compel responses to administrative subpoenas in enforcement proceedings such as this action are dispositive in nature.  *See N.L.R.B. v. Bacchi*, No. 04 MC 28, 2004 WL 2290736, at *1 n.1 (E.D.N.Y. June 16, 2004) (collecting cases).  Thus, this Court issues its decision on a Report and Recommendation basis.

[2] The facts set forth herein are undisputed by the parties.

On November 6, 2017, Respondents' accountant provided Daly with the Restaurant's corporate tax returns for a three-year period. *See id.* ¶ 10. Shortly thereafter, on November 8, 2017,[3] attorney Saul Zabell ("Zabell") informed Daly that he had been retained to represent Respondents in connection with the WHD investigation. *See id.* ¶ 11. The following day, Daly forwarded Zabell the letter dated October 30, 2017 and requested a response by November 16, 2017. *See id.* Zabell, in response, provided three months of the Restaurant's records, namely, internal time records and external payroll records from June 2017 through August 2017. *See id.* ¶ 12. Dempsey claims that multiple employees listed on Fusilli's internal time records did not appear on its external payroll records. *See id.* ¶ 13. Moreover, WHD's review of such records allegedly revealed that multiple employees worked in excess of 40 hours per week but did not receive time-and-a-half overtime payment in accordance with the FLSA. *See id.* ¶ 14.

On December 19, 2017, WHD issued the Administrative Subpoena, which directed Respondents to produce the following records for the three-year period at issue—December 20, 2014 through December 19, 2017—on or before January 5, 2018: (i) the Restaurant's payroll records; (ii) documents regarding Respondents' business relationships; (iii) documents identifying Fusilli's owners, officers, managers, and supervisors; (iv) certain New York State wage- and tax-related documents; (v) documents identifying and containing contact information for all current and former employees of Fusilli and any related entities; (vi) time records for all current and

---

[3] The Dempsey Declaration erroneously states that Daly learned of Respondents' retention of counsel on November 8, 2018. *See* Dempsey Decl. ¶ 11.

former employees of the Restaurant; (vii) weekly payroll records for current and former employees; and (viii) W-2 forms issued for tax years 2014, 2015, and 2016. *See id.*, Ex. 2. Daly personally served Powell with the Administrative Subpoena at Fusilli's place of business on December 21, 2017. *See id.* ¶ 16.

Respondents failed to provide WHD with additional documents by the Administrative Subpoena's extended return date of January 12, 2018.[4] *See id.* ¶¶ 18-20. On January 26, 2018, however, Respondents produced certain New York State tax documents, W-2 forms, and payroll records from January 2014 through May 2017, and reproduced internal time records from June 2017 through August 2017 that they had already provided in response to the October 30, 2017 letter. *See id.* ¶¶ 21-22. Yet, absent from Respondents' responses were time records from December 2014 through May 2017 and September 2017 through December 2017; payroll records from September 2017 through December 2017; and contact information for Fusilli employees. *See id.* ¶¶ 23-25. Respondents failed to provide WHD with any further responsive documents thereafter. *See id.* ¶ 26.

On February 12, 2018, Petitioner commenced the instant action to enforce the Administrative Subpoena by way of motion to compel.[5] *See* DE [1]. Respondents filed

---

[4] In an email dated January 4, 2018, Dempsey agreed to extend the return date of the Administrative Subpoena from January 4, 2018 to January 12, 2018. *See* Dempsey Decl. ¶ 18.

[5] The Declaration of Elena Goldstein ("Goldstein"), senior trial attorney in the Office of the Solicitor, U.S. Department of Labor, demonstrates that Petitioner made multiple attempts to meet and confer with Zabell regarding Respondents' deficient responses to the Administrative Subpoena. *See* DE [1-3], ¶¶ 5-7, 9. In Goldstein's view, "further efforts to obtain compliance without assistance from the Court" would not be productive. *Id.* ¶ 10.

opposition on February 27, 2018. *See* DE [3]. Judge Hurley then referred the Secretary's motion to this Court by Electronic Order dated March 6, 2018.

## II.   LEGAL STANDARD

Consistent with the FLSA's declared purpose of correcting and eliminating "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers . . . ," the Act authorizes the Secretary to:

> investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this chapter, and . . . enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter, or which may aid in the enforcement of the provisions of this chapter.

29 U.S.C. § 211(a). To that end, the DOL is vested with the authority to issue subpoenas requiring "attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation." 15 U.S.C. § 49; *see* 29 U.S.C. § 209 ("For the purpose of any hearing or investigation provided for in this chapter, the provisions of [15 U.S.C. § 49] . . . are made applicable to the jurisdiction, powers, and duties of the Administrator [and] the Secretary of Labor . . ."). Subpoenas issued pursuant to these provisions are enforceable in "any court of the United States . . . ." 15 U.S.C. § 49; *see Donovan v. Mehlenbacher*, 652 F.2d 228, 230 (2d Cir. 1981) ("[T]he Department of Labor clearly has the power to issue subpoenas in the course of an investigation conducted under statutory authority, and

to have those subpoenas enforced by federal courts." (citing *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 66 S.Ct. 494 (1946))).

In an action to enforce an administrative subpoena, such as the instant matter, judicial review is "extremely limited." *E.E.O.C. v. United Parcel Serv., Inc.*, 587 F.3d 136, 139 (2d Cir. 2009) (quoting *N.L.R.B. v. Am. Med. Response, Inc.*, 438 F.3d 188, 192 (2d Cir. 2006)). The Secretary need only show: (i) that the investigation is being conducted pursuant to a legitimate purpose; (ii) that the inquiry may be relevant to that purpose; (iii) that the information sought is not already within the DOL's possession; and (iv) that the required administrative steps have been followed. *See id.* "It is well established that an affidavit from a government official, attesting that each of [these] requirements has been met, is sufficient to establish a *prima facie* case" for enforcement. *United States v. Navarro*, 304 F. App'x 908, 910 (2d Cir. 2008). As the Second Circuit has explained, administrative agencies "'ha[ve] a power of inquisition' akin to that of a grand jury, which [they] may exercise 'merely on suspicion that the law is being violated, or even just because [they] want[ ] assurance that it is not.'" *In re McVane*, 44 F.3d 1127, 1135 (2d Cir. 1995) (quoting *United States v. Morton Salt Co.*, 338 U.S. 632, 642–43, 70 S. Ct. 357, 364 (1950)).

A party opposing enforcement of an administrative subpoena "must shoulder the burden of showing that the subpoena is 'unreasonabl[e]' or was issued in bad faith or for an 'improper purpose,' or that compliance would be 'unnecessarily burdensome.'" *RNR Enterprises, Inc. v. S.E.C.*, 122 F.3d 93, 97 (2d Cir. 1997) (quoting *S.E.C. v. Brigadoon Scotch Distrib.*, 480 F.2d 1047, 1056 (2d Cir. 1973)). However,

"[t]hat burden is not easily met where . . . the agency inquiry is pursuant to a lawful purpose and the requested documents are relevant to that purpose." *N.L.R.B. v. Bacchi*, No. 04 MC 28, 2004 WL 2290736, at *3 (E.D.N.Y. June 16, 2004) (citations and internal quotation marks omitted) (ellipses in original).

## III.   DISCUSSION

The Secretary seeks an Order:  (i) compelling Respondents to fully comply with the Administrative Subpoena; and (ii) tolling the applicable statute of limitations from the date that Respondents failed to comply through the date on which Petitioner informs the Court that all requested documents have been produced.  In opposition, Respondents contend that they have complied with all of WHD's reasonably relevant and proportional document requests and largely challenge the relevance of the remaining demands.  Applying the standards outlined above, and for the reasons set forth herein, the Court respectfully recommends that Petitioner's motion to compel be granted in part and denied in part and that the applicable statute of limitations be tolled from January 5, 2018, the return date of the Administrative Subpoena, until Respondents have provided complete responses as set forth below.

### A. **Enforcement of the Administrative Subpoena**

#### 1. Legitimate Purpose

As discussed above, the Secretary has the authority to "investigate and gather data regarding the wages, hours, and other conditions and practices of employment . . . and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision

of the [FLSA]." 29 U.S.C. § 211(a). Here, in exercising its authority under the FLSA, WHD has undertaken the investigation at issue and served the Administrative Subpoena to determine whether Fusilli has been paying its employees and maintaining proper records in compliance with the Act. *See* Dempsey ¶¶ 4-6; *see also* 29 U.S.C. § 211(c) (requiring employers to "make, keep, and preserve such records of the persons employed by him and of the wages, hours, and other conditions and practices of employment maintained by him . . . ."). Accordingly, the Secretary has established that its investigation is being conducted pursuant to a legitimate purpose.[6] *See Perez v. Lasership, Inc.*, No. 3:15-MC-00031, 2015 WL 11109330, at *3 (D. Conn. Sept. 18, 2015) (citing 29 U.S.C. § 211(a) as providing authority for the DOL to issue an administrative subpoena in connection with an investigation into violations of the FLSA).

## 2. Relevance

"A court's authority to review a subpoena's relevance is limited to determining whether the evidence sought touches a matter under investigation." *N.L.R.B. v. Bacchi*, No. 04 MC 28, 2004 WL 2290736, at *3 (E.D.N.Y. June 16, 2004) (citations and internal quotation marks omitted); *see Am. Med. Response,* 438 F.3d at 193 ("In enforcing administrative subpoenas, courts broadly interpret relevancy[.]"). "The initial determination of what information is reasonably relevant is left to the investigating agency." *In re Gimbel*, 77 F.3d 593, 601 (2d Cir. 1996). District courts then "defer[ ] to 'the agency's appraisal of relevancy, which must be accepted so long

---

[6] Respondents do not challenge the Secretary's showing with respect to this element of the *prima facie* case for enforcement of the Administrative Subpoena.

as it is not obviously wrong[.]" *Am. Med. Response*, (quoting *McVane*, 44 F.3d at 1135). Here, as explained in further detail below, the Court concludes that the Secretary has met his exceedingly low burden to establish that the documents sought by WHD are reasonably relevant to its investigation.

i. Documents regarding Respondents' business relationships

Respondents challenge Petitioner's request for the production of "[d]ocuments reflecting the names and addresses of all businesses, firms or work locations owned and/or operated by Chad Powell or in which Chad Powell held the position of officer, or in which Chad Powell had an ownership and/or shareholder interest" from the period of December 20, 2014 through December 19, 2017, DE [1-2], ¶ 1, on the basis that "such information sheds no light on whether Respondents complied with the FLSA." *See* Respondents' Memorandum of Law in Opposition to Petitioner's Verified Petition to Compel Respondent to Produce Documents Pursuant to Administrative Subpoena *Duces Tecum* ("Resps.' Mem."), DE [3], at 5. In support of their argument, Respondents assert that this demand is not proportional to the needs of the investigation because the Secretary has not brought charges against them for violations of the FLSA. *See id.* Respondents further contend that Petitioner's request "calls into question the fairness and appropriateness of the investigation." *Id.*

Respondents' arguments are misplaced. DOL regulations contemplate joint employer liability under the FLSA. 29 C.F.R. § 791.2(a); *See Barfield v. New York City Health & Hosps. Corp.*, 537 F.3d 132, 141 (2d Cir. 2008) (citations omitted) (recognizing "the possibility of joint employment for purposes of determining FLSA

responsibilities"); *see also Perez v. Manna 2nd Ave. LLC*, No. 15 CIV. 4655, 2017 WL 780812, at *3 (S.D.N.Y. Feb. 28, 2017) (holding joint employers jointly and severally liable under the FLSA and aggregating hours worked for both employers in evaluating liability and damages).  For this reason, "[i]t is incontestable that [the] DOL has the legitimate authority to investigate 'joint-employer' relationships . . . ." *Harris v. Subcontracting Concepts, LLC*, No. 1:12-MC-82, 2013 WL 12080918, at *3 (N.D.N.Y. Feb. 11, 2013), *aff'd sub nom. Perez v. Subcontracting Concepts, LLC*, 565 F. App'x 25 (2d Cir. 2014).  Documents regarding Respondents' business dealings during the time period in question are reasonably relevant to WHD's inquiry into whether any employees were jointly employed by Fusilli and an affiliated entity or entities.  Because hours worked for joint employers may be aggregated, Respondents' liability under the FLSA could potentially hinge on this issue alone.  Respondents provide no authority for their argument that WHD's entitlement to such documents is somehow contingent upon whether formal charges have been levied.  In fact, the United States Supreme Court has expressly rejected this approach.  *See Morton Salt*, 338 U.S. at 643, 70 S. Ct. at 364 (holding that an administrative agency, like a grand jury, "may take steps to inform itself as to whether there is probable violation of the law").  Respondents' challenge to the "fairness and appropriateness" of the DOL's investigation likewise lacks legal support.  Accordingly, the Court concludes that documents pertaining to Respondents' business relationships are reasonably relevant to the subject investigation.

ii. Documents identifying Fusilli's owners, officers, managers, and supervisors

Respondents also claim that documents identifying Fusilli's owners, officers, managers, and supervisors would only be relevant if WHD's investigation revealed an FLSA violation.[7]  Resps.' Mem. at 6.  Because administrative agencies are entitled to exercise their investigative authority "merely on suspicion that the law is being violated," the Court rejects this argument as well.  *See Morton Salt*, 338 U.S. at 643, 70 S. Ct. at 364.

iii. New York State wage-related documents

Respondents further object to the relevance of New York State Notice of Acknowledgement of Pay Rate and Pay Date forms (the "NYS Forms") issued to Fusilli employees pursuant to N.Y. Lab. Law § 195.  *See* Resps.' Mem. at 6.  They claim that, although these forms must be provided under New York law, they have no relation to the FLSA.  *See id.*  While the FLSA does not address an employer's obligations with respect to the NYS Forms, the information contained therein— various information concerning the Restaurant's pay practices[8]—is nevertheless reasonably relevant to WHD's investigation here.  This is particularly true given the

_____

[7] Respondents rightly concede that documents relating to Fusilli's ownership would be relevant in the event of an FLSA violation.  Indeed, "'any person' other than a labor organization 'acting directly or indirectly in the interest of an employer in relation to an employee'" is an "employer" subject to liability under the FLSA.  *Barfield*, 537 F.3d at 140 (quoting 29 U.S.C. § 203(d)).

[8] The New York Labor Law requires every employer to provide a notice containing the following information to each employee, among other information:

[T]he rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances . . . .

N.Y. Lab. Law § 195.1.

alleged inconsistencies between the internal time records and the external payroll records produced by Respondents. *See* Dempsey Decl. ¶ 13. Petitioner's efforts to reconcile these differences are wholly warranted. Further, the Court agrees with the Secretary that the NYS Forms are likely to contain information not otherwise provided by Respondents to WHD, for example, what employees were told at the outset of their employment about their prospective wages and hours. *See* Reply Memorandum of Law in Support of the Secretary of Labor's Motion to Compel Respondents to Produce Documents Pursuant to Administrative Subpoena *Duces Tecum* ("Sec.'s Reply Mem."), DE [4], at 6. This information is squarely relevant to WHD's investigation into potential FLSA violations.

                          iv. Documents identifying and containing contact information for all current and former employees of Fusilli and any related entities

Next, Respondents contend that Petitioner's demand for documents "reflecting the names . . . , addresses, telephone numbers, e-mail addresses, titles, or start and termination dates of all current and former employees [of Fusilli and other businesses owned and/or operated by Powell], both on-the-books and off-the-books . . . [,]" DE [1-2], ¶ 6, exceeds the scope of WHD's investigation. *See* Resps.' Mem. at 7. More specifically, Respondents assert that there is no legitimate basis for the Secretary to request information regarding individuals employed by any businesses other than the Restaurant. *See id.* Petitioner does not respond to this particular argument in his reply brief.

Pursuant to regulations promulgated by the DOL, employers such as Fusilli are required to "maintain and preserve payroll or other records containing [certain] information and data with respect to each [of their] employee[s,]" including names and addresses. 29 C.F.R. § 516.2. Moreover, it is reasonable for WHD to seek employees' updated contact information, such as phone numbers and email addresses, for the purpose of interviewing them in connection with its investigation. Thus, any and all contact information for current and former Fusilli employees during the timeframe at issue is plainly relevant and should be produced. The Court, however, finds the Secretary's request for documents identifying contact information for employees of other entities owned by Powell premature and thus unnecessarily burdensome at this time, particularly given the Secretary's silence on this issue in its reply brief. Though this Court has concluded herein that Respondents should respond to Petitioner's request for documents reflecting the names and address of all entities owned by Powell, *see* § III.A.2.i, *supra*, the instant request has the potential to be far more burdensome than that request. For example, complete employee lists from each entity owned by Powell, irrespective of the amount of his ownership interest, may not be readily accessible to Respondents or accessible at all. Nevertheless, to address the possibility that Fusilli is found to be a joint employer along with another entity or entities, the Court recommends requiring Respondents to produce complete employee lists for any entity in which Powell has or had an ownership interest, and which employed at least one individual also employed by the Restaurant during the relevant timeframe.

13

### 3. Access to Documents

In addition to their relevancy challenges, Respondents claim they need not produce certain documents demanded in the Administrative Subpoena that are already in the DOL's possession. Specifically, Respondents raise this challenge with respect to the Secretary's requests for: (i) documents identifying Fusilli's owners, officers, managers, and supervisors; (ii) the NYS Forms; (iii) contact information for the Restaurant's employees; and (iv) Fusilli's internal time records.

With respect to the Restaurant's owners and principals, Respondents argue that Petitioner is already aware that Powell owns Fusilli and in possession of Powell's home address. *See* Resps.' Mem. at 6. Notwithstanding, there is no indication that Respondents have produced company records indicating whether any individuals or entities other than Powell have an ownership or other interest in Fusilli. The Court therefore rejects Respondents' claim that it may withhold materials regarding the Restaurant's ownership on these grounds. Such documents must be produced.

Next, Respondents seek to withhold the NYS Forms on the basis that the information therein is also contained in documents that they have already produced. *See id.* This argument likewise lacks merit. Respondents do not identify which previously-produced documents contain such information, nor do they claim to have produced documents sufficient to show what they told employees about prospective wages and hours at the time the employees were hired. Accordingly, since the NYS Forms contain additional information not already in WHD's possession, they should be furnished to the Secretary.

14

As to contact information for Fusilli's employees, Respondents claim they have already provided W-2 forms identifying each such employee during the period December 2014 through December 2017 and should not be required to create a list containing all the information requested by Petitioner.  *See* Resps.' Mem. at 7.  The Secretary counters that the W-2 forms produced by Respondents omit certain employees, are not current, and do not provide sufficient employee contact information.  *See* Sec.'s Reply Mem. at 7.  The Court agrees with Respondents that they need not create new documents for the sole purpose of responding to the Administrative Subpoena.  *See Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc.*, No. CV126383, 2016 WL 4703656, at *11 (E.D.N.Y. Sept. 7, 2016) ("[C]ourts may not compel the creation of documents to comply with a discovery demand." (citation and internal quotation marks omitted)).  Nevertheless, to the extent that there are additional documents containing employee names and contact information, including phone numbers and email addresses, in Respondents' possession, such materials should be produced.   *See, e.g., E.E.O.C. v. Sterling Jewelers Inc.*, No. 11-CV-938A, 2013 WL 5653445, at *11 (W.D.N.Y. Oct. 16, 2013) (compelling the production of, among other information, employee telephone numbers and email addresses).

Finally, Respondents object to producing complete internal time records because they "have already produced records that demonstrate the hours worked by Fusilli employees during the relevant time period[,]" namely, the Restaurant's payroll documents.  Resps.' Mem. at 8.  This argument, too, is unavailing.  Simply stated, a demand for internal time records is not duplicative of a request for external payroll

records.  Respondents' internal practices concerning employee wages, including their record keeping, go to the heart of any potential claim or claims arising under the FLSA.  *See, e.g.*, 29 U.S.C. § 207 (limiting the number of hours an employee may work without receiving overtime compensation); 29 U.S.C. § 211(c) (requiring employers to maintain accurate records of its employees' hours).  Therefore, the Court concludes that Respondents' proffered justification for withholding internal payroll documents fails.

### 4. Required Administrative Steps

Respondents' only argument pertaining to the administrative steps taken by Petitioner is their challenge to WHD's service of the Administrative Subpoena.[9] Respondents, relying on Fed. R. Civ P. 45(1)(b)'s requirement that a subpoena must be served by "any person who is at least 18 years old and not a party[,]" assert that the Administrative Subpoena is unenforceable because Daly, the individual who personally effectuated service upon Respondents at Fusilli's business address, is the DOL employee assigned to the subject investigation and thus "a party" to this case.  *See* Resps.' Mem. at 3.  The Court disagrees.  At least one court in this District has held that Fed. R. Civ. P. 45's service requirements do not apply to administrative subpoenas.  *See Long Island Precast, Inc. v. U.S. Dep't of Labor, Occupational Safety & Health Admin.*, No. 14-MC-0772, 2014 WL 3735943, at *6 (E.D.N.Y. July 29, 2014) ("[T]he Federal Rules of Civil Procedure only 'govern the procedure in all civil actions

---

[9] Any additional objections to the administrative steps taken by WHD are deemed waived.  *See United States v. Fischer*, 993 F. Supp. 2d 238, 244 (E.D.N.Y. 2013) (concluding that arguments not address in opposition to a motion to enforce an administrative subpoena were conceded).

and proceedings in the United States district courts.'" (quoting Fed. R. Civ. P. 1)). This Court concurs with Judge Seybert's reasoning in *Long Island Precast*. In any event, Daly, though certainly affiliated with Petitioner, is not a party to this action. Accordingly, the Court concludes that service of the Administrative Subpoena was proper and that the required administrative steps have been otherwise followed.

* * *

Because the Secretary has established his *prima facie* case to the extent set forth above, and Respondents have failed to rebut Petitioner's showing, enforcement of the Administrative Subpoena as described herein is appropriate. Accordingly, this Court respectfully recommends that Respondents be compelled to remedy all deficiencies described above on or before a date thirty days following the District Court's order pertaining to the instant motion.

### B. <u>Equitable Tolling</u>

Courts in the Second Circuit have applied the doctrine of equitable tolling to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances. *See Fitzgerald v. Henderson*, 251 F.3d 345, 373 (2d Cir. 2001); *see Cabrera v. Stephens*, No. 16CV3234, 2017 WL 4326511, at *7 (E.D.N.Y. Sept. 28, 2017). "[A] district court may toll the limitations period to avoid inequitable circumstances, giving due consideration to whether the plaintiffs have acted with reasonable diligence in pursuing their claims and whether the circumstances are extraordinary enough to warrant equitable relief." (citation and internal quotation marks omitted)). The statute of limitations under the FLSA is two years for non-willful violations and three years for willful violations. *See* 29 U.S.C. 255.

Here, the Court finds that a reasonable tolling of the applicable statute of limitations is appropriate. Petitioner's submissions demonstrate that WHD has been reasonably diligent in conducting its investigation, *see* Demsey Decl. ¶ 17; Goldstein Decl. ¶¶ 1-7, 10, and Respondents' failure to provide responses to a vast majority of demands in the Administrative Subpoena constitutes extraordinary circumstances warranting the application of equitable tolling. Accordingly, the Court recommends that the District Court toll the applicable statute of limitations from January 5, 2018, the return date of the Administrative Subpoena, until Respondents have provided complete responses as set forth in this Report and Recommendation.

## IV.   CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Petitioner's motion to compel be granted in part and denied in part and that the applicable statute of limitations be tolled from January 5, 2018 until Respondents have provided complete responses as set forth in this Report and Recommendation.

## V.   OBJECTIONS

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.

Dated:      Central Islip, New York
            May 7, 2018

                              s/ Steven I. Locke
                              STEVEN I. LOCKE
                              United States Magistrate Judge