UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
R. ALEXANDER ACOSTA, Secretary of Labor,
United States Department of Labor,

                  Petitioner,

   -against-

FUSILLI AT MILLER PLACE, INC. d/b/a
FUSILLI RESTAURANT AND PIZZERIA and
CHAD POWELL, individually and as custodian
of records,
                  Respondents.
-------------------------------------------------------X

**MEMORANDUM & ORDER**

18-MC- 426 (DRH)(SIL)

**APPEARANCES:**

**For Petitioner:**
KATE S. O'SCANNLAIN, Solicitor of Labor
JEFFERY S. ROGOFF, Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
By:    Michael R. Hartman, Senior Trial Attorney

**For Respondents:**
Zabell & Associates, P.C.
1 Corporate Drive, Suite 103
Bohemia, New York, 11716
By:    Saul D. Zabell, Esq.

**HURLEY, Senior District Judge:**

Petitioner, R. Alexander Acosta, Secretary of Labor ("Petitioner") commenced this miscellaneous action seeking to compel Respondents Fusilli at Miller Place d/b/a/ Fusilli Restaurant and Pizzeria ("Fusilli") and Chad Powell ("Powell") (collectively "Respondents") to produce documents pursuant to an administrative subpoena *duces tecum* (the "Subpoena") issued by the United States Department of Labor. The matter was referred to Magistrate Judge Steven I. Locke for a Report and Recommendation. On May 7, 2018 Judge Locke issued a Report and

Recommendation (the "R&R") recommending that Petitioner's motion to compel enforcement of the administrative subpoena *duces tecum* served on Respondents be granted in part and denied in part and that the applicable statute of limitations be tolled from January 5, 2018 until Respondents have provided a complete response as set forth in the R&R. Respondents have filed timely objections.

For the reasons set forth below, the Court adopts the Report in its entirety.

## DISCUSSION

**I.      Background**

The relevant background information is fully set forth in Judge Locke's R& R and incorporated by reference.

**II.     Standard of Review**

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b). The portions of a report and recommendation that are not objected to are reviewed for clear error. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72.

Here, Respondents object to the R&R insofar as it concluded that (1) service of the administrative subpoena was proper; (2) documents reflecting the names and addresses of all businesses owned or operated by Powell are relevant and reasonably proportional to the DOL's investigation; (3) the New York State Notice of Acknowledgement of Pay Rate and Pay Date forms are relevant and reasonably proportional to the DOL's investigation, and the documents previously provided by Respondents do not include the reasonably relevant information for the

DOL's stated purpose that would be gleamed from these New York State forms. (Resps.' Obj. at 1.)

Each of these objections will be addressed ad seriatim.

## II.  Service of the Subpoena

In his R&R Judge Locke concluded that service of the subpoena delivered by James Daly, a Department of Labor investigator ("Daly"), was proper because (1) the service requirements of Fed. R. Civ. P. 45 do not apply to administrative subpoenas and (2) Daly is not a party to the action. Respondents assert that "[t]hese findings are improper because they would provide the U.S. department of labor with unbound authority and police power inconsistent with the U.S. Constitution." (Resps.' Obj. at 3.) Specifically they assert that at both the state and federal levels service of a subpoena must be made by an individual who is not a party to the action and because Daly is the agency employee tasked to investigate Respondents his "job performance may, and in all likelihood, will be measured against the outcome and administrative processes undertaken in connection with this investigation." (*Id.* at 5.) The Court is underwhelmed by these arguments.

First, Respondents cite no case law holding that the service requirements of either the federal civil or criminal rules apply to administrative subpoenas and the Court declines to impose such requirements here. The Federal Rules of Civil Procedure only "govern the procedure in all civil actions and proceedings in the United State district courts . . . ." Fed. R. Civ. P. 1. Similarly, the Federal Criminal rule only govern "criminal proceedings in the Unites States district court . . . ." Fed. R. Crim. P. 1. Neither set of rules purport to govern administrative proceedings.

Moreover, Daly is not a party to this action and his status as an employee of the Department of Labor does not make him one.

Finally, the Court rejects the argument that allowing service of a subpoena in the manner employed here would provide the Department of labor with "unbound authority" given the availability of the courts to seek an order quashing an administrative subpoena.

In sum, the Court finds that service of the subpoena was proper.

**III.   Business Owned or Operated by Powell**

Respondents maintain that the request for documents reflecting the names and addresses of all businesses, firms, or work locations owned and/or operated by Powell or in which he was an officer or had an ownership interest for the referenced period has no relevance to whether Fusilli is part of a larger enterprise under 29 U.S.C. § 203(r)(1).

"In enforcing administrative subpoenas courts broadly interpret relevance[.]" *NLRB v. Am. Med. Response, Inc.*, 438 F.3d 188, 192 (2d Cir. 2006). "A court's authority to review a subpoena's relevance is limited to determining whether the evidence sought touches a matter under investigation." *NLRB v.* Bacchi, 2004 WL 2290736, at *3 (E.D.N.Y. June 16, 2004) (citations and internal quotation marks omitted). Limited as it is to whether the documents sought are relevant to the issue of enterprise, Respondent's argument fails to recognize that the documents are relevant to the issue of joint employer liability under the FLSA. As Judge Locke aptly stated:

> Documents regarding Respondent's business dealings during the time period in question are reasonably relevant to [the Wage and Hour Division's] inquiry into whether any employees were jointly employed by Fusilli and an affiliated entity or entities. Because hours worked for joint employers may be aggregated, Respondent's liability under the FLSA could potentially hinge on this issue alone.

(R&R at 10.)

Respondent's objections to production of the referenced documents is rejected.

**IV.     New York State Notices and Previously Produced Documents**

New York law requires every employer to provide to each employee, at the time of hiring, "a notice containing[, inter alia,] the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances, the regular pay day designated by the employer . . . ." N.Y. Labor Law § 195.1.

Respondents object to production of these notices on the grounds that they have "produced documents that allow the DOL to determine if Fusilli is acting in compliance with the FLSA. Specifically, the payroll records [produced] each state the rate of pay paid to each employee for straight-time for hours worked up to forty (40) hours a week and for overtime for hours worked over forty (40) hours in a given week." (Resps.' Obj. at 7.) As the notices are not required by the FLSA and "any inconsistencies of an employee's rate of pay on a week to week basis would again be reflected in the payroll document" they maintain they "should not bear the added burden of producing additional documentation that provides no unique information that is relevant to the DOL's investigation. (*Id*. at 7-8.)

Petitioner's response to this argument is threefold. First, the notices should be produced because Respondents' production reveal "significant gaps and inconsistencies" such as "multiple employees who were included on the internal time records were excluded from the external payroll records for the same period." Second, this Court should defer to the agency's appraisal of the relevance of the requested documents" as no other set of documents shows what employees were told at the time of hire about their prospective work hours and wages, including tips. Finally, Respondents' "bald assertion of added burden wholly fails to meet their obligation of showing that compliance would be unnecessarily burdensome." (Pet.'s Resp. at 7.)

Given that court's generously construe "relevant" to include access to material that might cast light on the matter being investigated, *see RNR Enterprises, Inc. v. S.E.C.*, 122 F.3d 93, 97 (2d Cir. 1997)("We defer to the agency's appraisal of relevancy, which must be accepted so long as it is not obviously wrong," …[and w]e measure the relevance of the sought-after information against the general purposes of the agency's investigation, which necessarily presupposes an inquiry into the permissible range of investigation under the statute.) (internal quotation marks and citation omitted) combined with the alleged gaps and inconsistencies in the records produced, enforcement of the subpoena is appropriate absent a showing by Respondents that compliance would be unnecessarily burdensome. *EEOC v. United Parcel Serv., Inc.*, 587 F.3d 136, 139 (2d Cir. 2009).

As to whether the subpoena is an undue burden, "the Court must balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it. This requires the Court to consider whether the information is necessary and whether it is available from any other source. Nevertheless, inconvenience alone will not justify an order to quash a subpoena . . . ." *Anwar v. Fairfield Greenwich Ltd.*, 297 F.R.D. 223, 226 (S.D.N.Y. 2013) (internal citation and quotation marks omitted). A party seeking to quash a subpoena on the grounds of undue burden "cannot merely assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden and assert that compliance with the subpoena would be burdensome without setting forth the manner and extent of the burden and the probable negative consequences of insisting on compliance." *Usov v. Lazar,* 2014 WL 4354691 (S.D.N.Y. Aug. 22, 2014). Absent from the record is information that would allow the Court to determine if compliance is unnecessarily burdensome.

Respondents must produce the New York State notices.

### V. The Unobjected to Portions of the R&R

As to the unobjected to portions of the R&R, the Court has reviewed them for clear error and finding none, adopts them in full.

### CONCLUSION

For the reasons set forth above, Respondents' objections are rejected and the Court adopts the R&R of Judge Locke in its entirety.

**SO ORDERED.**

Dated: Central Islip, New York  　　　　　　　　　　s/ Denis R. Hurley
　　　　July 5, 2018　　　　　　　　　　　　　　　Denis R. Hurley
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge